**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ABDULLAHI AHMED ABUDULLAHI,<br>  aka, "Phish,"<br>  aka, "Fish,"<br><br>Defendant. | Case No. 17CR622-W<br><br>ORDER GRANTING JOINT MOTION TO:<br>(1) CONTINUE MOTION HEARING UNTIL ~~OCTOBER 5, 2020~~ at ~~2:00~~ p.m.; AND<br>(2) EXCLUDE TIME UNDER 18 U.S.C. §§ 3161(h)(7)(A) AND (B)(ii), (iv) |

Under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., a defendant's trial must generally begin within 70 days of the date the information or indictment was filed, or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The statute, however, provides that certain periods of time are excluded from the 70-day calculation. 18 U.S.C. § 3161(h). Among the time periods excluded is:

> [a]ny period of time resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government if the judge granted the continuance on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) contains the factors the Court must consider in determining whether to grant a continuance. Among the factors are whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation within the required time frame, and whether the failure to grant a continuance would deny counsel reasonable time for effective preparation. See 18 U.S.C. §§ 3161(h)(7)(B)(ii, iv). A case may be declared complex under the Speedy Trial Act if certain factors under 18 U.S.C. § 3161(h)(7)(B)(ii) are met. The factors of complexity of a case include the number of defendants, the nature of the prosecution, and novel questions of fact or law that would preclude adequate preparation within the time limits set forth under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Having considered the factors, the Court finds that this case satisfies the requirements of 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant ABDULLAHI AHMED ABDULLAHI is charged in a two-count indictment with conspiracy to provide material support to terrorists and providing material support to terrorists, all in violation of 18 U.S.C. § 2339A(a) and 2. The charged conspiracy spans from in or about August 2013 through November 2014, involves numerous coconspirators and the alleged criminal conduct spans from North America (Canada and the United States) to other parts of the world (Turkey and Syria). The investigation of the case spanned over three years and was developed, in part, through numerous search warrant of email and social media accounts, numerous 2703(d) orders, financial, travel and communication records, and interviews of numerous witnesses. In addition, the case is also complex due to the lengthy investigation conducted by Canadian law enforcement authorities of ABDULLAHI regarding the same criminal conduct alleged in the Indictment.

17CR622-W

The parties represented that the United States is still in the process of producing additional discovery, including an additional 8.5 gigabytes of documents and audio/video recordings recently obtained from Canada. The parties allege that the discovery produced includes approximately 30.5 gigabytes of material over 50,000 pages and 44 video/audio recordings -- and defense counsel needs adequate time to effectively review and evaluate the information, confer with the defendant, conduct and complete and independent investigation, complete additional legal research including for potential pre-trial motions, and prepare for trial in the event a pretrial resolution does not occur.

The Court also recognizes that, on March 17, 2020, the Court declared a judicial emergency under 18 U.S.C. § 3174 and ordered a suspension of jury trial and other proceedings during the coronavirus (COVID-19) pandemic. See Order No. 18 of the Chief Judge for the Southern District of California. In Order No. 18, the Court tolled the Speedy Trial Clock because the COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The Court also found that, under 18 U.S.C. § 3161(h)(7)(A), these continuances serve the ends of justice and outweigh the interests of the public, of the government, and of criminal defendants in a speedier trial. The parties stated that the coronavirus has significantly complicated counsel's ability to confer with the defendant due to the limitations on visitation of defendants in custody.

Having considered the joint motion of the parties, and good cause appearing,

IT IS HEREBY ORDERED and found by this Court that this case is declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds the time between July 27, 2020 and September 28, 2020, shall be excluded for purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161, et

3

17CR622-W

seq., on the grounds that the ends of justice served by granting the continuance outweighs the best interest of the public and the defendant in a speedy trial.  The Court further finds that the denial of the requested continuance of the motion hearing until September 28, 2020 at 10:00 a.m. would unreasonably deny defense counsel a reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

SO ORDERED.

DATED: ___7/22/20___                    _____
                                        HONORABLE THOMAS J. WHELAN
                                        United States District Judge

17CR622-W