# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17CR622-W |
|---|---|
| v. | ORDER GRANTING JOINT MOTION TO: |
| ABDULLAHI AHMED ABUDULLAHI, aka, "Phish," aka, "Fish," | (1) CONTINUE MOTION HEARING UNTIL APRIL 12, 2021 at 9:00 a.m.; AND (2) EXCLUDE TIME UNDER 18 U.S.C. §§ 3161(h)(7)(A) AND (B)(ii), (iv) |
| Defendant. | |

Under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., a defendant's trial must generally begin within 70 days of the date the information or indictment was filed, or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The statute, however, provides that certain periods of time are excluded from the 70-day calculation. 18 U.S.C. § 3161(h). Among the time periods excluded is:

> [a]ny period of time resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government if the judge granted the continuance on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) contains the factors the Court must consider in determining whether to grant a continuance. Among the factors are whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation within the required time frame, and whether the failure to grant a continuance would deny counsel reasonable time for effective preparation. See 18 U.S.C. §§ 3161(h)(7)(B)(ii, iv). This Court, having previously considered the factors under Section 3161(h)(7)(B)(ii), declared this case complex. See July 22, 2020 Order [Doc. 33.]

The parties represented that the United States is still in the process of producing additional discovery. The parties allege that the United States has produced over 85 gigabytes of material, including approximately 62,000 pages and 90 video/audio recordings -- and defense counsel needs adequate time to effectively review and evaluate the information, confer with the defendant, conduct and complete and independent investigation, complete additional legal research including for potential pre-trial motions, and prepare for trial in the event a pretrial resolution does not occur.

The Court also recognizes that, on March 17, 2020, the Court declared a judicial emergency under 18 U.S.C. § 3174 and ordered a suspension of jury trial and other proceedings during the coronavirus (COVID-19) pandemic. See Order No. 18 of the Chief Judge for the Southern District of California. In Order No. 18, the Court tolled the Speedy Trial Clock because the COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The Court also found that, under 18 U.S.C. § 3161(h)(7)(A), these continuances serve the ends of justice and outweigh the interests of the public, of the government, and of criminal defendants in a speedier trial. The Court has extended the judicial emergency for a 30-day period on nine occasions, most recently

2                                               17CR622-W

on December 9, 2020.  See Order Nos. 24, 27, 30, 33, 34, 40, 47, 50, and 52A of the Chief Judge for the Southern District of California.  The parties stated that the coronavirus has significantly complicated counsel's ability to confer with the defendant due to the limitations on visitation of defendants in custody.

Having considered the joint motion of the parties, and good cause appearing,

The Court finds the time between January 25, 2021, and April 12, 2021, shall be excluded for purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., on the grounds that the ends of justice served by granting the continuance outweighs the best interest of the public and the defendant in a speedy trial.  The Court further finds that the denial of the requested continuance of the status hearing until April 12, 2021 at 9:00 a.m. would unreasonably deny defense counsel a reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii),(iv).

SO ORDERED.

DATED: ___1/19/21___

_____
HONORABLE THOMAS J. WHELAN
United States District Judge

3                                    17CR622-W