RANDY GROSSMAN
Acting United States Attorney
SHANE P. HARRIGAN
Assistant United States Attorney
California Bar No. 115757
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 546-6981
Email: shane.harrigan@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17CR622-W |
|---|---|
| v. | JOINT MOTION TO: (1) CONTINUE MOTION HEARING, AND |
| ABDULLAHI AHMED ABUDULLAHI, aka, "Phish," aka, "Fish," | (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| Defendant. | |

The parties, UNITED STATES OF AMERICA, by and through its counsel Randy Grossman, Acting United States Attorney, and Shane P. Harrigan, Assistant United States Attorney, and Marc X. Carlos, Thomas A. Durkin and Megan Foster, counsel on behalf of defendant ABDULLAHI AHMED ABDULLAHI, jointly move the Court to (1) continue the motion hearing from April 12, 2021 at 9:00 a.m. to **June 14, 2021 at 9:00 a.m.**, and (2) exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

## A.    The Nature of the Case

ABDULLAHI, a Canadian national and resident of Edmonton, Alberta, Canada, is charged in a two-count indictment with conspiracy to provide material support to terrorists, providing material support to terrorists and aiding and abetting, all in violation of Title 18, United States Code, Sections 2339A(a) and 2.  The Indictment arises from an

investigation by the Federal Bureau of Investigation ("FBI") of Douglas McCain, who departed the United States in March 2014 and traveled to Syria to join and fight for the Islamic State of Iraq and Syria ("ISIS"), a designated foreign terrorist organization.  On August 26, 2014, Douglas McCain was killed fighting for ISIS against the Free Syrian Army.

Further investigation by the FBI and the Royal Canadian Mounted Police ("RCMP") revealed that beginning in November 2013, a network of at least seven individuals, which included Douglas and four Canadian citizens/residents, traveled from the United States and Canada to Syria, via Turkey, to join and fight for ISIS.  The investigation also revealed that a network of individuals in San Diego, Minneapolis and Canada, including ABDULLAHI, assisted Douglas and the foreign fighters in their travels.

As alleged in the Indictment, ABDULLAHI provided material support and resources to terrorists by providing:

(1)  Personnel, that is, assisting others in the U.S. and Canada to travel to Syria to join and support terrorist activity in Syria for ISIS; and

(2)  Currency and monetary instruments, that is, wiring money to others in the U.S. to travel Syria, and causing money to be sent to ISIS foreign fighters in Syria, via wires to ISIS operatives in Turkey.

In furtherance of the conspiracy, ABDULLAHI and his coconspirators used email accounts and telephones to recruit others to join ISIS, facilitate the travel of foreign fighters and communicate with the foreign fighters and others regarding the financial, logistical, and

17CR622-W

resource needs of the foreign fighters. In addition, in order to raise monies for the needs of ISIS foreign fighters, in January 2014, ABDULLAHI committed an armed robbery of a jewelry store in Edmonton, Alberta, Canada.

### B.    Case Status/Discovery

On March 9, 2017, a federal grand jury returned the Indictment, which was filed under seal. On September 15, 2017, pursuant to an extradition request by the United States, Canadian authorities arrested ABDULLAHI. ABDULLAHI was detained in Canadian custody without bail, pending extradition.

On October 24, 2019, Canada extradited ABDULLAHI to San Diego, California to face the charges in the Indictment. On October 29, 2019, Defendant voluntarily waived his right to the setting of bail and a detention hearing, and stipulated, without prejudice, to an order of detention pending trial.

On February 25, 2020, ABDULLAHI filed motions for discovery, to preserve evidence and leave to file further motions. Due to the volume of discovery and issues related to the coronavirus pandemic, the motions hearing originally set for May 26, 2020, was continued to July 27, 2020. Thereafter, on July 23, 2020, pursuant to a joint motion by the parties, the Court (1) continued the motions hearing to September 28, 2020, (2) declared the case complex pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii), and (3) ruled that the time between July 27, 2020 and September 28, 2020, should excluded for purposes of the Speedy Trial Act, 18 U.S. C. §§ 3161 , et  seq., on the grounds that the ends of justice served by granting the continuance outweighs the best interest of the public and the defendant in a speedy trial.

17CR622-W

Pursuant to a joint motion of the parties, on September 24, 2020, the Court ordered that the motion hearing be continued until October 19, 2020, and ruled that the time between September 28 and October 19, 2020 be excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), (iv).  At the motions hearing on October 19, 2020, the parties appeared telephonically or by videoconference.  The United States requested a trial date; however, the Court noted that given the pandemic and the Orders of the Chief Judge, the court could not presently set a trial date.  The Court then continued the matter until January 25, 2021 at 9:00 a.m., and again excluded time under the Speedy Trial Act.

Thereafter, pursuant to a joint motion of the parties, on January 19, 2021, the Court ordered that the motion hearing be continued until April 12, 2021, and ruled that the time between January 25 and April 12, 2021, be excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), (iv).

As noted in the previous filing with the court, the discovery in this case is voluminous and complex due to the nature of the investigation and the charges, and involves evidence obtained in the United States and Canada.  The criminal conduct alleged in the Indictment spans two years, and involves numerous reports of investigation, financial records, travel records, communication records, and information obtained from the execution of over 15 search warrants and numerous 18 U.S.C. § 2703(d) orders.  To date, the United has produced over 85 gigabytes of material to the defense, which includes over 62,000 pages and approximately 90 audio/video recordings.  Most recently, since September 2020, the United States produced an

additional 55 gigabytes of material, to include text, audio and video files.

In addition, the United States is continuing to prepare further discovery, which it will produce to the defense on a rolling basis, as it is compiled.  As noted in the previous filing with the Court, in March 2020, the United States made a formal MLAT request to the Canada for additional reports, documents and video/audio recordings relating to both the RCMP and the Edmonton Police Service's criminal investigations of ABDULLAHI.  The United States has produced as discovery a large portion of the material requested from the Canadian authorities.  However, the United States anticipates that it will continue to receive additional material from Canada within the next two months.

**C.    The Ends of Justice Served by Requested Continuance**

The parties agree that the ends of justice served by the requested continuance outweighs the best interest of the public and the defendant in a speedy trial for the following reasons:

(1)  The defendant is charged with participating in a 16-month conspiracy to provide material support to terrorists, involving numerous coconspirators and spanning from North America (Canada and the United States) to other parts of the world (Turkey and Syria).  The case was developed, in part, through numerous search warrants of email and social media accounts, and interviews of numerous witnesses. As such, this case is relatively sophisticated and unusual, and involves novel questions of fact and law.  On July 22, 2020, this court considered these facts, and under 18 U.S.C. § 3161(h)(7)(B)(ii), declared this case complex.  See July 22, 2020 Order [Doc. 33.]

17CR622-W

(2) The discovery is voluminous and continues to grow. To date, the United States has produced over 85 gigabytes of material in discovery. The discovery will expand after the United States receives additional documentary evidence requested from Canada and continues to diligently review evidence and reports.

(3) Counsel for the defendant represents that additional time is necessary to confer with the defendant; conduct and complete an independent investigation of the case; conduct and complete additional legal research including for potential pre-trial motions; review the discovery and potential evidence in the case; and prepare for trial in the event that a pretrial resolution does not occur. These defense challenges are fact-intensive inquiries that will continue to be extremely time-consuming and dynamic when the Government releases additional discovery and makes recently obtained electronic discovery available for inspection and review.

(4) Defense counsel represents that failure to grant the continuance would deny the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(5) Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

(6) The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the United States or the defense, or failure on the part of the attorneys for the United States to obtain available witnesses.

(7) On March 17, 2020, the Court declared a judicial emergency under 18 U.S.C. § 3174 and ordered a suspension of jury trial and other proceedings during the coronavirus (COVID-19) pandemic. See Order No.

17CR622-W

18 of the Chief Judge for the Southern District of California.  In Order No. 18, the Court tolled the Speedy Trial Clock because the COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174. The Court also found that, under 18 U.S.C. § 3161(h)(7)(A), these continuances serve the ends of justice and outweigh the interests of the public, of the government, and of criminal defendants in a speedier trial.  The Chief Judge subsequently extended the judicial emergency eleven times in Order Nos. 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14, 2020), 34 (August 14), 40 (September 14, 2020), 47 (October 14, 2020), 50 (November 16, 2020), and 52A (December 9, 2020), 60 (February 2, 2021), and 63 (March 2, 2021), respectively.[1] Here, the coronavirus pandemic and related safety measures, including limitations on visitation, have significantly impacted counsel's ability to have meaningful communication with ABDULLAHI.  While the United States District Court has resumed hearings, the parties respectfully request additional time to resolve outstanding discovery issues and consider bringing substantive motions.

//
//
//
//
//
//

---

[1]    Although Order No. 63 authorized the resumption of criminal jury trials beginning March 8, 2021, the Order of the Chief Judge No. 36-A provides that the District Court will presently only hold single defendant trials lasting no more than 4 days. Here, the parties estimate that the trial of this matter will last more than 4 days – likely 2 weeks.  As such, pursuant to the Orders of the Chief Judge, a trial date in this matter cannot yet be set.

Accordingly, the parties jointly move this Court to continue the motion hearing until **June 14, 2021 at 9:00 a.m.**  The parties jointly request this Court find be deemed excludable under 18 U.S.C. § 3161(h)(7)(A) because "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial."[2]

Respectfully submitted,

RANDY GROSSMAN
Acting United States Attorney

DATED: April 6, 2021            */s/ Shane P. Harrigan*
                                SHANE P. HARRIGAN
                                Assistant U.S. Attorney

DATED: April 6, 2021            */s/ Marc X. Carlos*
                                MARC X. CARLOS

                                */s/ Thomas A. Durkin*
                                THOMAS A. DURKIN

                                */s/ Megan Foster*
                                MEGAN FOSTER

                                Attorneys for Defendant
                                ABDULLAHI AHMED ABDULLAHI

---

[2]  Nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

17CR622-W