RANDY GROSSMAN
United States Attorney
SHANE P. HARRIGAN
Assistant United States Attorney
California Bar No.: 115757
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6981
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ABDULLAHI AHMED ABDULLAHI,<br>    aka "Phish,"<br>    aka "Fish," | Case No.: 17CR0662-W<br>Date:    October 17, 2022<br>Time:    9:00 a.m.<br><br>The Honorable Thomas J. Whelan<br><br>**UNITED STATES' SENTENCING SUMMARY CHART AND MOTION UNDER USSG § 3E1.1(b)** |

The UNITED STATES OF AMERICA, by and through its counsel, Randy Grossman, United States Attorney, and Shane P. Harrigan, Assistant United States Attorney, hereby files its Sentencing Summary Chart and Motion under USSG § 3E1.1(b), which is based upon the files and records of this case.

DATED: October 6, 2022                    Respectfully submitted,

                                          RANDY GROSSMAN
                                          United States Attorney

                                          /s/ *Shane P. Harrigan*
                                          SHANE P. HARRIGAN
                                          Assistant United States Attorney

SENTENCING SUMMARY CHART

[ ☒ ] AND GOVERNMENT MOTION UNDER USSG § 3E1.1(b)]

Sentencing Date: October 17, 2022

USPO  [☐]
AUSA [☒]
DEF  [☐]

Defendant's Name: <u>Abdullahi Ahmed Abdullahi</u>        Docket No.: <u>17CR0622-W</u>

 Attorney's Name: <u>Shane P. Harrigan</u>        Phone No.: <u>619-546-6981</u>

Guideline Manual Used: <u>November 2021</u>        Agree with USPO Calc.:  No

Base Offense Level(s): USSG § 2M5.3 [Providing Material Support for a Terrorist Purpose]    <u>26</u>

Specific Offense Characteristics:

<u>Terrorism Enhancement [USSG § 3A1.4(a) – Offense involved federal crime of terrorism]</u>    <u>+12</u>

Adjusted Offense Level:    <u>38</u>

☐ Combined (Mult. Counts)    ☐ Career Off.    ☐Armed Career Crim.

Adjustment for Acceptance of Responsibility [☒ <u>Government Motion – U.S.S.G. § 3E1.1(b)]</u>    <u>-3</u>

Total Offense Level:    <u>35</u>

Criminal History Score:    <u>3</u>

Criminal History Category [USSG § 3A1.4(b)]    <u>Increase to Category VI</u>

Guideline Range:    from <u>292</u> months
to <u>360</u> months[1]

**Government Recommendation:**

Pursuant to a consideration of the 18 U.S.C. § 3553(a) factors discussed in the United States' Sentencing Memorandum and USSG § 5G1.2, the United States recommends**:**

- **240 months' total custody as follows: Count 1 – 180 months' custody; Count 2 – 60 months' custody to run consecutively to Count 1.[2]**
- **A three-year term of supervised release on each count, to run concurrently;**
- **$200 in Special Assessments ($100 on each count)**
- **No fine and no restitution[3]**

---

[1]    The advisory guidelines range of 292 to 365 months is limited is by the statutory maximum of 360 months.

[2]    Should this Court agree with the Probation Department's calculation of an advisory guidelines range of 360 months (i.e., the statutory maximum), the United States submits that the section 3553(a) factors still warrant a sentence of 240 months.

[3]    Defendant does not appear to have the ability to pay a fine or restitution (neither of which are mandatory in this case).  Given the length of his anticipated sentence and the fact that victim V.B did receive compensation from his insurance company for the stolen jewelry, the United States is not requesting that the Court order restitution.