Thomas Anthony Durkin
California State Bar No. 56929
**DURKIN & ROBERTS**
The Rookery Building
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 913-9300
tdurkin@durkinroberts.com

Marc X. Carlos, Esq.
California SBN 132987
**MARC CARLOS LAW, A.P.C.**
424 F Street, Suite 205
San Diego, CA 92101
(619) 702-3226
marc@marccarloslaw.com

Attorney for Defendant
ABDULLAHI AHMED ABDULLAHI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| UNITED STATES OF AMERICA, | ) CASE NO.: 17CR622-W |
|---|---|
| Plaintiff, | ) |
| | ) DATE:     OCTOBER 17, 2022 |
| | ) TIME:     9:00 A.M. |
| v. | ) |
| | ) **DEFENDANT'S SENTENCING** |
| ABDULLAHI AHMED ABDULLAHI, | ) **MEMORANDUM** |
| Defendant. | ) |
| | ) |

Defendant, **ABDULLAHI AHMED ABDULLAHI**, by and through his attorneys, **THOMAS ANTHONY DURKIN** and **MARC X. CARLOS,** pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, the opinions of the United

States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007), *Gall v. United States*, 552 U.S. 38 (2007), *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Nelson v. United States*, 555 U.S. 350 (2009), as well as 18 U.S.C. §3553(a), respectfully submits Defendant's Sentencing Memorandum. This pleading also responds and agrees with the conclusions of the United States' Sentencing Memorandum, filed on October 6, 2022 (Dkt. #56). As such, undersigned counsel joins with the government in urging the Court to adopt the joint recommendation of the parties and impose the recommended 240-month sentence.

I.     **THE PSR**

Counsel have reviewed the Presentence Investigation Report filed on February 28, 2022 (Dkt. #50) telephonically with the Defendant.  Counsel and Defendant have no objections to the PSR, with the exception of the Offense Level Computation set forth in the PSR at pages 13-16. In that regard, counsel would ask leave to adopt the position of the Government set forth in its Sentencing Memorandum. That is, that the calculations of the parties in the Plea Agreement should be followed by the Court. As importantly, should the Court conclude differently—as the government also argues in its memorandum—the twenty-year custodial sentence recommended by the parties is warranted in consideration of all

the aggravating and mitigating § 3553(a) factors. See, Govt. Memo, Dkt. #56, pp. 15-17.

## II.   COMMENTARY ON SENTENCING FACTORS

In the final analysis, it remains the Court's task in this sentencing to fashion a sentence under the § 3553(a) factors that is *sufficient, but not more than necessary*, to accomplish the goals of sentencing. And, as the government has cogently argued in its Sentencing Memorandum, "here a balanced consideration of all the aggravating and mitigating factors of the 3553(a) factors supports the 240-month sentence jointly requested by the parties." Memo, Dkt. 56, p. 17. Accordingly, counsel do not wish to belabor the Court with redundant argument and analysis. There is no question that this is a very serious case, just as there is equally little question that a twenty-year sentence is a serious sentence. The government's analysis of the § 3553(a) factors with respect to: (1) the nature and circumstances of the offense; (2) the history and characteristics of the Defendant; (3) the seriousness of the offense, the promotion of respect for the law, and provision of just punishment; (4) adequate deterrence; and (5) unwarranted sentencing disparities more than adequately support the joint recommendation of the parties.

As such, counsel would only wish to add a few additional thoughts. First, some additional background from Defendant's upbringing and family relationships will be useful for the Court's consideration—all of which are consistent with the

background investigation of the PSR and supported more fully by the twelve rather moving letters from family members filed on Mr. Abdullahi's behalf, attached hereto as Group Exhibit A. These heartfelt letters truly speak for themselves and are well worth the Court's consideration. In short, Mr. Abdullahi's very difficult upbringing as a young refugee from war-torn Somalia, along with his close family relationships, provides meaningful context for the Court's consideration under § 3553(a)(1). But this background is meant for context only, and in no way is an attempt to excuse Defendant's conduct for which he fully acknowledges and accepts complete responsibility.

      Counsel respectfully submit that the Court should also not ignore the realities of the continuing COVID-19 pandemic in the federal prison system, and its impact on detained or incarcerated defendants such as Mr. Abdullahi. It is impossible to predict precisely how long the extremely dangerous conditions in the federal prison system will remain; especially after Delta and Omicron variants continue to surge at previously unprecedented levels, despite the vaccine. Conditions behind prison walls will, of course, be impacted by public health conditions on the outside, particularly insofar as guards and staff circulate in and out of the prison; and as new inmates are introduced into the prison population. Taking into consideration both past surges and having knowledge of current trends, the most recent spikes in COVID-19 infections across the country do not bode well for incarcerated individuals. Counsel recognize

that the Court must certainly be fully aware of the arguments related to COVID-19 from having been apprised of many compassionate release motions brought before it and throughout the country pursuant to 18 U.S.C. §3582(c)(1)(A).[1] This, too, counsel submit is a factor the Court can and should take into account in accepting the recommendation of the parties.  Mr. Abdullahi has already done what many might consider to be several years of "hard time."

Likewise, as the government also acknowledges, Mr. Abdullahi abandoned his immature radical jihadist ideology when the severity and tragedy of his cousins' deaths hit home with him. (Govt. Memo, Dkt. 56, p. 19) In plain point of fact, the same 30-year-old man who committed these crimes is now 37 years-old and a far different man.  Again, this does not excuse his conduct but provides considerable context for the Court to accept the recommendation of the parties that came after very contracted negotiations between the parties.  Needless to say, both sides benefited from the results of those negotiations. But in the end, it simply cannot be said that the recommended 240-month sentence is not fair under the totality of the

---

[1] *See, e.g., United States of America v. Garcia*, No. 18-146 (JDB), 2021 WL 4848700 (D.D.C.) (October 8, 2021) citing Sentencing Tr. at 17-18, United States v. Gonzalez, Case No. 1:18-cr-00669-JPO, ECF No. 250 (S.D.N.Y. April 2, 2021)( [M]ost of the time has been in lockdown conditions 23 hours a day, basically like solitary confinement with no access to visitors for most of that time, virtually limited programming. And I do believe that because it's been harsher than a usual period that it's more punitive, that it's essentially the equivalent of either time and a half or two times what would ordinarily be served. So, I think having served 24 months is equivalent to having served three years. That's what I believe in terms of how punitive it's been and how harsh it's been.) *See* also *United States v. Rodriguez,* 492 F.Supp.3d. 306, 311 (S.D.N.Y 2020)( Another district court judge, the well-respected Judge Jed S. Rakoff of the Southern District of New York, reduced a sentence because he opined that the pandemic not only threatened the individual defendant's health, but also made the defendant's "incarceration harsher and more punitive than would otherwise have been the case").

circumstances.  It is most certainly a sentence that is sufficient, but not greater than necessary, to affect the purposes of federal sentencing under all the § 3553(a) factors.

Respectfully Submitted,

Dated:  October 7, 2022

/s/THOMAS ANTHONY DURKIN
**THOMAS ANTHONY DURKIN**

Attorney for Defendant
Abdullahi Ahmed ABDULLAHI

/s/MARC X. CARLOS
**MARC X. CARLOS**

Attorney for Defendant
Abdullahi Ahmed ABDULLAHI